(No. 29155.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LeRoy WHEELER, Plaintiff in Error.

*Opinion filed January 23, 1946.*

LeRoy WHEELER, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN T. REARDON, State's Attorney, of Quincy, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

On October 12, 1939, plaintiff in error entered a plea of guilty in the circuit court of Adams county to an indictment charging him with the crime of forgery. He was sentenced to the penitentiary at Chester, there to be detained until discharged according to law. He has brought the common-law record here for review on writ of error.

He contends first that the judgment is invalid for the reason that there is no provision of law under which per-

sons may be sentenced to the "penitentiary at Chester." His second contention is that the judgment is invalid for the reason that it is vague and uncertain and does not set out the specific duration of the term of confinement. His final contention is that he was transferred to the penitentiary at Stateville without a hearing in court, as provided by section 3 of the Parole Act of 1917. Ill. Rev. Stat. 1939, chap. 38, par. 803.

All of these contentions have been definitely decided adversely to the contentions of plaintiff in error. (*People ex rel. Ross* v. *Becker*, 382 Ill. 404.) Section 3 of the Parole Act of 1917, providing for a hearing in court for a transfer from one institution to another, applies only to those originally sentenced to the reformatory and not to those sentenced in the first instance to the penitentiary. There is no error in the record.

The judgment of the circuit court of Adams county is affirmed.

*Judgment affirmed.*